IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 JAN 17 PM 2: 56

DEPUTY CLERK_____

| | | |
|---|---|---|
| STEPHEN SILAS THOMAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0027 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION FOR
A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner filed a Petition for a Writ of Habeas Corpus by a Person in State Custody indicating

he is challenging a "parole revocation." In supplemental briefing, however, petitioner advised he is

actually challenging his 1981 conviction out of Dallas County, Texas, for aggravated robbery and the

60-year sentence assessed as a result.[1] For the reasons set forth below, it is the opinion of the

undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus

relief should be DENIED.

I.
PROCEDURAL HISTORY

On February 20, 1981, petitioner was convicted in Dallas County, Texas, of the offense of

aggravated robbery, such offense alleged to have been committed on October 28, 1980, and was

sentenced to sixty (60) years confinement in the Texas Department of Criminal Justice, Correctional

---

[1]Petitioner has filed another petition under 28 U.S.C. § 2254 challenging respondent's calculation of time credits toward his sentence. *See Thomas v. Davis*, No. 2:14-CV-65. Petitioner has also filed a petition under 28 U.S.C. § 2241 challenging how his sentence is being "administered" or "imposed." *See Thomas v. Davis*, No. 2:14-CV-25.

HAB54\R&R\Thomas-27:2

Institutions Division (TDCJ-CID). *State v. Thomas*, No. F80-15637-IN. After crediting petitioner's sentence with pre-sentence jail time, TDCJ calculated petitioner's sentence begin date as November 19, 1980.

According to petitioner, he was granted release to parole from this 60-year sentence on or about December 27, 2000, after serving approximately twenty (20) years and 1 month of his 60-year sentence. On August 10, 2006, petitioner was arrested in Dallas County, Texas for a theft offense and, on November 17, 2006, while on parole, was convicted of the theft offense in Dallas County, Texas and sentenced to one (1) year. *See State v. Thomas*, No. F-06-69177.[2] Petitioner states his parole from his 60-year sentence was revoked and, on or about January 31, 2007, he was returned to prison after having been on parole for approximately six (6) years.

Petitioner advises he was again granted release to parole on or about May 21, 2008, after serving approximately 21 years and 5 months of his 60-year sentence. In August 2010 and May 2012, petitioner was convicted of theft offenses and assessed sentences of less than one year which he subsequently discharged. *State v. Thomas*, No. F-1072136-M (Dallas Co.), and No. 1278149D (Tarrant Co.). Instead of being sent to TDCJ to serve those sentences, petitioner began serving the sentences in a state jail facility and was apparently assigned a new prisoner identification number. Petitioner's parole from his 60-year aggravated robbery sentence does not appear to have been revoked as a result of these new state jail felony convictions.

On June 20, 2013, petitioner committed the offense of and was arrested for burglary of a building and, on July 19, 2013, was convicted in Dallas County, Texas of the state jail felony offense of burglary of a building and sentenced to "7 months state jail division, TDCJ." *See State v. Thomas*, No. F-13-57073-T. The state court judgment further provided, "This sentence shall run concurrently."

---

[2]Petitioner filed a state habeas action challenging his conviction in No. 06-69177, which was denied August 15, 2007 without written order on the trial court findings without a hearing.

No other sentence, however, was identified as the sentence with which the burglary of a building sentence was to run concurrently.  After crediting his sentence with pre-judgment confinement time, petitioner's begin date on this 7-month sentence was June 20, 2013.

On August 27, 2013, a parole revocation hearing was held on whether petitioner's parole from his 60-year aggravated robbery sentence in Cause No. F80-15637 should be revoked.  On September 13, 2013, while serving this 2013 state jail offense sentence, petitioner's parole was revoked, after having been on release for approximately five (5) years and three (3) months.  According to petitioner, his parole was revoked solely as a result of his new conviction in Cause No. F-13-57073.[3]  It appears petitioner was granted early release from his 7-month state jail sentence on December 4, 2013 after serving 168 days of his sentence, but was not physically released from the state jail facility, possibly because of a parole revocation hold.  On January 9, 2014, it appears petitioner was returned to prison on his original 60-year sentence.  On January 15, 2014, it appears petitioner's 210-day sentence discharged.

On January 17, 2014, petitioner requested, through TDCJ-CID's internal time credit dispute resolution process, a correction of time credited toward the completion of his 60-year sentence.  *See* Tex.Govt Code Ann. § 501.0081.  Petitioner appears to have requested (1) flat time credit for the period of time he spent on parole, and (2) flat time credit for time he served in a state jail facility on his 7-month sentence.  It appears petitioner was denied review of his claim for time credits on February 12, 2014 because he had filed a prior time credit dispute and was only allowed one time credit dispute resolution per year.  Petitioner has not provided the Court with copies of any previous time credit dispute claims he filed, nor has he challenged TDCJ's ruling.

Petitioner avers he placed the instant application for federal habeas corpus relief in the mail on

---

[3]A June 25, 2013 Adjustment Statement, however, indicated petitioner had missed an MHMR appointment, had submitted a urinalysis which tested positive for drugs, and missed a scheduled home visit.  The statement also indicated petitioner would not be eligible for ISF because of the charges pending against him.

February 10, 2014.  The application was received and filed of record on February 14, 2014.

In October 2014, petitioner filed a state habeas corpus application identifying the burglary of a building state jail felony conviction as the trial court case number being challenged.  On November 26, 2014, petitioner's state habeas application was dismissed with the notation that the sentence being challenged (the 7-month sentence) had been discharged.  *In re Thomas*, No. WR-11,635-07. Petitioner then filed another application for a state writ of habeas corpus, this time challenging the execution of his 60-year sentence in his aggravated robbery case.  On February 11, 2015, this application was dismissed without written order citing Texas Government Code § 501.008(b)-(c) for failure to use the prison time dispute resolution process of the Inmate Grievance System.  *In re Thomas*, No. WR-11,635-08.

II.
PETITIONER'S ALLEGATIONS

Although somewhat unclear, petitioner appears to allege his 60-year sentence assessed in 1981 is void because, he contends, changes in the law have retroactively increased his punishment or resulted in a "resentencing."  Specifically, petitioner alleges there was a retroactive application of a law to his 1981 sentence which increased his punishment in violation of the *ex post facto* clause. Petitioner cites the reduction in the amount of "gate money" a prisoner receives when he is released from prison to a form of early release.  Petitioner appears to contend that when he was released to parole in 2000 he was given $200 in "gate money," but when he was released to parole in 2008, the provisions governing "gate money" provided petitioner with only $100 "gate money."  Petitioner appears to argue this $100 reduction of "gate money" was a retroactive application of law in violation of the ex post facto clause, or a "breach of judgment and sentencing," or a lack of notice in violation of due process.  Petitioner concludes this "retroactivity" renders his 1981 aggravated robbery conviction void.

In a supplemental pleading, petitioner argues TDCJ-CID erred by assigning him a new identification number when he was confined in state jail facilities after his convictions for several state jail felonies. Petitioner contends the assignment of a new prisoner number for the state jail felony sentences amounted to a "a new sentence under a new legislature and a new sentence structure." Petitioner contends TDCJ-CID "modified and changed the sentencing structure of petitioner's original [60-year] sentence" when it assigned him a new number, and that his parole status for his 60-year sentence was harmed as a result. Petitioner concludes he "should not have been re-classified and issued a new ID number."

III.
<u>PETITION IS TIME BARRED AND UNEXHAUSTED</u>

A federal writ of habeas corpus is the proper remedy "when a state prisoner is [constitutionally] challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994).

Petitioner submitted this case as a petition for writ of habeas corpus and this Court will treat it as such. Further, because petitioner contends his 60-year sentence is void and that he should be immediately released, he is requesting habeas relief. But for petitioner's contention that his sentence is void, his claims might would be more appropriately classified as civil rights claims.

Petitioner seeks a determination that his 1981 judgment of conviction should be vacated because of action taken by TDCJ-CID in 2008 (over twenty-five years after his conviction). Petitioner also challenges his 1981 conviction on the ground that it was error to assign petitioner a new identification number for service of his state jail felony sentences in a state jail facility. Although the basis for this claim is unclear, petitioner contends this amounted to an unconstitutional modification of

his original 60-year sentence.

In every federal habeas corpus action, a petitioner must satisfy several procedural prerequisites. Not only must he establish the determination challenged in the petition has been final for no longer than one year, *see* 28 U.S.C. § 2244(d), he must also demonstrate he exhausted the claims presented in the federal petition by properly utilizing available state remedies prior to challenging the determination in federal court, *see* 28 U.S.C. § 2254(b)(1). If these requirements are not met, the Court may not review the merits of the petition.

### A. *Time Bar*

Petitioner filed this section 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). His claims are therefore governed by the AEDPA's provisions. *See Fisher v. Johnson,* 174 F.3d 710, 711 (5th Cir. 1999). The pertinent provision of that statute states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The challenges raised by petitioner in his habeas application are untimely.  Petitioner's conviction became final in 1981.  Even if petitioner did not learn of his "gate money" "*ex post facto*" claim until he was paroled on May 21, 2008, such claim is clearly being raised far beyond the 1-year limitation period.  Moreover, petitioner could have, through the exercise of due diligence, discovered any claim he had based upon his assignment of a new identification number in 2010, several years prior to filing the instant federal habeas application on February 10, 2014.  Petitioner's claims are time-barred.

### B.  *Unexhausted Claims*

Second, petitioner has not demonstrated he properly exhausted the claims he now presents federally.  Petitioner's only post-1986 state habeas action challenging his conviction in Cause No. 80-15637 was dismissed without written order on February 11, 2015 pursuant to Texas Government Code § 501.0081(b) - (c) for failure to seek resolution of his time claim through the prison time dispute resolution process.  Petitioner has not properly presented his claims to the state courts for determination.  Petitioner's federal habeas application should be denied as unexhausted without a determination of the merits of petitioner's claims.  *See* 28 U.S.C. §§ 2244(d), 2254(b)(1).

### IV.
### CONSTITUTIONAL VIOLATION REQUIREMENT

Even assuming, *arguendo*, the petition is timely filed and petitioner's claims are properly exhausted, denial of relief is still proper.  Petitioner's complaint about retroactive "gate money" policies is frivolous.  He has neither alleged nor shown how the State's decision to gratuitously provide him with $100.00 instead of $200.00 is actionable, much less how it would render a criminal conviction void.

The application of a new "gate money" policy when petitioner was released to parole in 2008 did not and will not in any way adversely affect the duration of his sentence. At most, petitioner received one hunderd dollars ($100.00) instead of two hundred dollars ($200.00). Petitioner has not been deprived of any right existing at the time he committed his offense or when convicted, nor have any of the changes in the gate money administrative rules produced a significant risk of increasing the punishment attached to petitioner's offense at the time it was committed nor resulted in an increased confinement. *See Wallace v. Quarterman*, 516 F.3d 351, 356 (5th Cir. 2008). Petitioner fails to demonstrate any violation of the *ex post facto* clause, nor has he demonstrated any other specific constitutional violation. The gate money claim is frivolous.

Likewise, petitioner's claim that his being assigned a new identification number for serving his state jail sentences in state jail facilities was a modification of his original 60-yr sentence fails to present a constitutional violation. Petitioner's assignment of a state jail facility identification number did not harm petitioner's parole status on his 60-year sentence. Petitioner fails to raise a colorable basis for habeas corpus relief in this application. Having failed to present any cognizable habeas corpus claims, the instant petition should be denied.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner STEPHEN SILAS THOMAS be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation

to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ____/7th__ day of January 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).